Nash, O. J.
 

 The proceedings in this case were instituted by the County Court of Mecklenburg to revoke letters testamentary, granted by it at a. previous term, to the defendant upon the will of Humphrey 'Bissell, deceased. By his will the testator appointed the defendant, E. H. Bissell, together with William S. Miller, his executors; the will was published in , and subsequently the testator made a codicil, wherein he appointed William S. Miller his sole executor. In the codicil is this clause, “I revoke any
 
 part
 
 of my former will that may be inconsistent with thi's arrangement, except the discontinuance of Edward as my executor.” The will was proved by William S. Miller, and letters granted to him; at a subsequent term, E. II. Bissell applied for letters testamentary which were granted to him. It does not appear that any person, claiming an interest in the estate of Humphrey Bissell, had moved in this matter, but that the proceedings were instituted by the County Court
 
 mero motu.
 
 The sole question upon which our opinion has been required is, as to the power of the Court to move in the matter without the application of some person claiming an interest in the property; in other words; whether the County Court, having discovered that the letters testamentary had been irregularly granted to the defendant, has the power to revoke them, without incitement thereto by any one. His Honor below decided that they had, and in this we concur.
 

 Proceedings in the probate of wills, are
 
 in rem,
 
 there are, strictly speaking,-no parties — no plaintiff and no defendant: The issue to try the validity of the will is made up by the Court, or under its direction. The whole proceeding is under the judicial control of the Court. Here, by the codicil to the will of Humphrey Bissell, William S. Miller is appointed, in
 
 *389
 
 express terms, sole executor; and that bis meaning may be not misunderstood, be revokes any part of bis will wbicb is inconsistent with this arrangement.. Now, to suppose that be intended that the defendant should continue in the appointment made by bis will, is- entirely inconsistent with the sole appointment of William S. Miller,, and the will, in that view, is inconsistent with the codicil.. That he did not intend the exception in the codicil to'have that effect, is evide'nt from the apology to the defendant, which immediately follows the exception. Besides, he uses the word
 
 arrangement
 
 not
 
 devises
 
 or
 
 legacies.
 
 Wo are of opinion that there is no error in the judgment of the Superior Court,, which is hereby affirmed.
 

 Pee Cueiam:.. Judgment affirmed.